**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| You Cheng Lee<br>610 S LOCUST ST APT 58<br>OXFORD, OH 45056 | )<br>)<br>)<br>) | CASE No: |
| | )<br>) | JUDGE: |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | COMPLAINT FOR UNPAID<br>OVERTIME WAGES |
| Eastern Village Inc.<br>dba Hoya Foods, dba China Cottage<br>4470 Taylorsville Road<br>Huber Heights, Ohio 45424 | )<br>)<br>)<br>) | JURY TRIAL DEMANDED |
| | )<br>) | |
| Wen H. Wang, and<br>42 Pinehurst Pl<br>Springboro, OH 45066 | )<br>)<br>)<br>) | |
| Lin Wan-Jen<br>42 Pinehurst Pl<br>Springboro, OH 45066 | )<br>)<br>)<br>) | |
| | )<br>) | |
| Defendants. | ) | |

**I. NATURE OF THE ACTION**

1. This is an action to recover unpaid overtime compensation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Ohio Revised Code Chapter 4111.

2. Plaintiff You Cheng Lee was employed by Defendants as a cook and kitchen laborer and regularly worked hours far in excess of forty hours per workweek without receiving overtime compensation.

3. Defendants paid Plaintiff a flat monthly wage regardless of the number of hours worked and failed to maintain accurate records of Plaintiff's working time, in violation of federal

1

and Ohio wage-and-hour laws.

## II. JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.  This Court has supplemental jurisdiction over Plaintiff's Ohio law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as the federal claims.

6.  Venue is proper in this District because Defendants conduct business in this District and the work giving rise to Plaintiff's claims was performed within this District.

## III. PARTIES

7.  Plaintiff You Cheng Lee is an individual residing in the State of Ohio.

8.  Defendant Eastern Village, Inc. is an Ohio corporation that operates restaurants and related food-service operations under the China Cottage brand.

9.  Defendant Wen H. Wang is an individual who, at all relevant times, exercised operational control over Plaintiff's employment, including control over scheduling, work assignments, and pay practices.

10. Defendant Lin Wan-Jen is an individual who, at all relevant times, jointly exercised operational control over Plaintiff's employment and compensation.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendants beginning in or around October 2022 and continued working for Defendants through approximately mid-2025.

12. Throughout his employment, Plaintiff worked primarily as a cook and kitchen laborer and performed non-managerial, manual, and production-related tasks.

2

13. Defendants operated multiple restaurant locations, a central kitchen and warehouse, and, during Plaintiff's employment, a newly established restaurant that required extensive renovation and preparation.

14. Plaintiff was routinely assigned by Defendants to work wherever labor was needed, including preparing food, cooking, cleaning, packaging, delivering supplies, and performing physical labor related to new restaurant demolition and renovation.

15. Plaintiff regularly worked approximately six days per week and twelve hours per day.

16. Despite these hours, Defendants paid Plaintiff a flat monthly amount of approximately $3,500 to $4,000, depending on the year without regard to the actual number of hours worked in any given week.

17. Defendants did not pay Plaintiff overtime compensation at one and one-half times his regular rate for hours worked in excess of forty hours per workweek.

18. Defendants failed to maintain accurate and complete records of Plaintiff's hours worked and instead relied on informal practices that did not capture Plaintiff's actual working time.

19. Defendants characterized their pay system as a "26-day system," which operated in practice to deny Plaintiff overtime compensation required by law.

20. Plaintiff did not perform executive, administrative, or professional duties and did not qualify for any exemption from overtime requirements under federal or Ohio law.

21. Defendants knew or should have known that Plaintiff was working substantial overtime hours and nonetheless failed to compensate him lawfully, rendering their violations willful.

## V. COUNT I

### (Fair Labor Standards Act – Unpaid Overtime)

22. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

3

23. At all relevant times, Defendants were employers within the meaning of the Fair Labor Standards Act.

24. Plaintiff was a non-exempt employee entitled to overtime compensation under the Fair Labor Standards Act.

25. Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime compensation for hours worked in excess of forty hours per workweek.

26. As a direct and proximate result of Defendants' violations, Plaintiff has suffered damages in the form of unpaid overtime wages and is entitled to liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

## VI. COUNT II

### (Ohio Law – Unpaid Overtime)

27. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

28. Defendants violated Ohio Revised Code §§ 4111.03 and 4111.14 by failing to pay Plaintiff overtime compensation for hours worked in excess of forty hours per workweek.

29. As a result of Defendants' violations of Ohio law, Plaintiff is entitled to unpaid wages, liquidated damages, and all other relief available under Ohio law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants as follows:

A. An award of unpaid overtime wages in an amount to be determined at trial;

B. An award of liquidated damages as permitted by the Fair Labor Standards Act;

C. Pre-judgment and post-judgment interest as allowed by law;

D. An award of reasonable attorney's fees and costs; and

E. Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Lei Jiang
Lei Jiang (0084847)
Lei Jiang LLC
30285 Bruce Industrial Pkwy, Suite C
Westlake, OH   44139
(440)835-2271
(440)835-2817 Fax
ljiang@LeiJiangLaw.com
Attorney for Plaintiff