**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| You Cheng Lee | ) | CASE No: 1:26-cv-00074-JPH |
| | ) | |
| | ) | JUDGE: JEFFERY P. HOPKINS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S MEMORANDUM** |
| | ) | **IN OPPOSITION TO** |
| Eastern Village Inc. et al | ) | **DEFENDANTS' MOTION TO** |
| | ) | **DISMISS** |
| | ) | |
| Defendants. | ) | |

**I. INTRODUCTION**

Defendants move to dismiss Plaintiff You Cheng Lee's ("Lee") claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Ohio Revised Code § 4111.03, arguing that those claims were compulsory counterclaims under Ohio Civ. R. 13(A) that Lee waived by not raising them in a currently pending state court action in Montgomery County, Ohio. Defendants' Motion to Dismiss should be denied in its entirety.

Defendants' primary argument is foreclosed by binding Sixth Circuit authority. In *Quality Associates, Inc. v. P&G Distributing LLC*, 949 F.3d 283 (6th Cir. 2020), the Sixth Circuit held unequivocally that "a federal court cannot enforce a state compulsory-counterclaim rule against a federal litigant while the relevant state litigation is still pending." *Id.* at 285. The Montgomery County state litigation is currently pending—no final judgment has been entered. *Quality Associates* is directly on the point and requires denial of Defendants' motion.

Defendants' attempt to distinguish *Quality Associates* on the ground that Lee asserts a supplemental state law claim alongside his federal FLSA claim fails as a matter of law. The Sixth

1

Circuit's holding rests on two bedrock constitutional principles—the absence of any authority for a federal court to enforce state compulsory-counterclaim rules, and the federal courts' virtually unflagging obligation to exercise their jurisdiction—neither of which depends on whether a plaintiff asserts only federal claims or a combination of federal and state law claims.

Defendants' alternative requests—dismissal without prejudice so Lee can refile in state court, and a stay pending arbitration—likewise fail. Lee is entitled to pursue his federal statutory wage claims in this Court. The arbitration clause in the Shareholders' Agreement does not extend to Lee's FLSA claims, as the state court itself has already ruled: the Montgomery County court expressly held that the Shareholders' Agreement and its arbitration clause have "no bearing on Eastern Village" and apply only to the stayed Third-Party Complaint. Moreover, Eastern Village—the employer and defendant in this case—is not a party to the Shareholders' Agreement and lacks standing to invoke its arbitration clause.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Lee is a former employee of Eastern Village, Inc. ("Eastern Village"), where he worked primarily as a cook and kitchen laborer from approximately 2022 until July 31, 2025. (Doc. #10, Am. Compl. ¶¶ 11, 13). While employed by Eastern Village, Lee was directed by Defendants to perform extensive physical labor—including renovation and construction work—at a new restaurant location in Huber Heights, Ohio. (Doc. #10, Am. Compl. ¶¶ 16–22). Despite working well in excess of forty hours per week, Defendants failed to pay Lee overtime compensation as required by federal and Ohio law. (Doc. #10, Am. Compl. ¶¶ 30–42).

On January 7, 2026, Eastern Village filed suit against Lee in the Court of Common Pleas of Montgomery County, Ohio (Case No. 2026 CV 00097), alleging misappropriation of trade

secrets and breach of contract ("the state litigation"). (Defs.' Mot., Ex. 1). On January 26, 2026, Lee filed a Third-Party Complaint in the state litigation against Wen H. Wang and ZhaoGe Inc. (also referred to as ZhouGe Inc.), asserting claims of unjust enrichment and conversion arising from his investment in connection with the new restaurant venture. (Defs.' Mot., Ex. 3). On March 11, 2026, the state court stayed Lee's Third-Party Complaint pending mediation or arbitration pursuant to the Shareholders' Agreement between Lee, ZhaoGe Inc., and its other shareholders. (Defs.' Mot., Ex. 5). Critically, the state court's order expressly found that "[t]he Verified Complaint does not involve the Third-Party Defendant ZhaoGe, Inc., does not include Third-Party Defendant Wang, and has nothing to do with the Shareholder Agreement or the business venture at issue in the third-party claims." (*Id.*). The state litigation remains pending and no final judgment has been entered.

On January 27, 2026, Lee filed the instant action asserting violations of the FLSA and O.R.C. § 4111.03 for Defendants' failure to pay overtime wages. (Doc. #1). Lee subsequently filed an Amended Complaint on February 20, 2026. (Doc. #6). Defendants filed the instant Motion to Dismiss on March 19, 2026. (Doc. #11).

## III. LAW AND ARGUMENT

### A.     Standard of Review

A complaint survives a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded factual allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Id.* Dismissal under Rule 12(b)(6) is appropriate only if it is clear that no relief

3

could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**B.** **Binding Sixth Circuit Authority Forecloses Defendants' Primary Argument: A Federal Court Cannot Enforce Ohio Civ. R. 13(A) While State Court Litigation Remains Pending.**

Defendants' core argument—that Lee's FLSA and Ohio wage claims must be dismissed because they were compulsory counterclaims in the state litigation under Ohio Civ. R. 13(A)—is directly and completely foreclosed by the Sixth Circuit's decision in *Quality Associates, Inc. v. P&G Distributing LLC*, 949 F.3d 283 (6th Cir. 2020).

In *Quality Associates*, P&G sued QAI in Ohio state court for breach of contract. QAI subsequently filed a federal lawsuit under 42 U.S.C. § 1981 based on the same underlying contractual dispute. P&G moved to dismiss the federal suit, arguing that QAI's § 1981 claim was a compulsory counterclaim under Ohio Civ. R. 13(A) that had to be brought in the state litigation. The district court agreed and dismissed the federal suit. The Sixth Circuit reversed.

The Sixth Circuit held: "[A] federal court cannot enforce a state compulsory-counterclaim rule against a federal litigant while the relevant state litigation is still pending." *Quality Assocs.*, 949 F.3d at 285. The court explained that this rule rests on two fundamental principles. First, "there is no statute or equitable doctrine authorizing a federal court to enforce state compulsory-counterclaim law or otherwise manage duplicative state-federal litigation." *Id.* at 288 (citing *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350–52 (D.C. Cir. 2003)). Second, in the state-federal concurrent jurisdiction context, federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," and "the pendency of an action in [a] state court" is "no bar to proceedings concerning the same matter in the Federal court having

4

jurisdiction." *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

The Sixth Circuit further held that the only mechanism by which a state compulsory-counterclaim rule can bar a federal claim is preclusion doctrine—and preclusion "comes into play only when a state court has entered a final judgment." *Id.* at 289 (citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (Ohio 1995) (claim preclusion); *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 861 N.E.2d 109, 118 (Ohio 2006) (issue preclusion)). "[I]nterlocutory orders cannot form the basis for claims of res judicata or collateral estoppel." *Id.* (quoting *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 464 (6th Cir. 2003)).

*Quality Associates* controls this case. The Montgomery County state litigation is currently pending. No final judgment has been entered. The state court's order staying Lee's Third-Party Complaint pending arbitration is an interlocutory order that carries no preclusive effect. Under *Quality Associates*, this Court has no authority to dismiss Lee's FLSA claims on the basis of Ohio Civ. R. 13(A) while the state litigation remains pending. Defendants' motion to dismiss must be denied.

**C.  Defendants' Attempt to Distinguish Quality Associates on the Basis of Lee's Supplemental State Law Claim Is Without Merit.**

Defendants acknowledge *Quality Associates* but argue it is distinguishable because Lee asserts not only federal FLSA claims but also a state law claim under O.R.C. § 4111.03. (Defs.' Mot. at 7). This distinction does not withstand scrutiny for multiple independent reasons.

First, the Sixth Circuit's holding in *Quality Associates* did not turn on whether the federal plaintiff asserted only federal claims or a mix of federal and state claims. Rather, it rested on two

5

bedrock principles: (1) the absence of any statute or equitable doctrine authorizing federal courts to enforce state compulsory-counterclaim rules; and (2) the federal courts' virtually unflagging obligation to exercise their jurisdiction. *Quality Assocs.*, 949 F.3d at 288. Both principles apply with equal force regardless of whether the federal plaintiff also asserts supplemental state law claims. The FLSA claim alone is sufficient to anchor federal jurisdiction under 28 U.S.C. § 1331, and the federal courts' obligation to hear that claim is not diminished by the presence of a supplemental state law claim.

Second, courts in this district have consistently followed *Quality Associates* without limiting its reach to cases asserting purely federal claims. In *TowerCo 2013, LLC v. Berlin Township*, 2023 U.S. Dist. LEXIS 145974 (S.D. Ohio Aug. 18, 2023), the court applied *Quality Associates* and declined to dismiss a federal suit despite the pendency of related state litigation; the plaintiff there asserted both federal statutory claims and a constitutional Takings Clause claim. In *Oppenheimer v. City of Madeira*, 2021 U.S. Dist. LEXIS 59174 (S.D. Ohio Mar. 29, 2021), the court likewise applied *Quality Associates* to protect a federal plaintiff's right to litigate in federal court while state proceedings were pending. Neither decision suggests that the presence of a supplemental state law claim transforms the analysis.

Third, O.R.C. § 4111.03 is Ohio's parallel wage statute that tracks the FLSA's overtime requirements. It exists to provide Ohio workers the same protections as the FLSA. The Ohio General Assembly did not intend for its own wage law to strip Ohio workers of access to federal court for their companion federal claims. To hold that the presence of an O.R.C. § 4111.03 supplemental claim divests this Court of the ability to hear the FLSA claim would be an anomalous result that undermines the purposes of both statutes.

Defendants cite no case—and none exists—in which a federal court applied a "mixed claims" exception to *Quality Associates* to bar a FLSA suit while related state litigation was still pending. The absence of any such precedent confirms that Defendants' proposed distinction is legally baseless.

**D.** **Lee's Wage Claims Are Not Compulsory Counterclaims Because They Do Not Arise From the Same Transaction or Occurrence as the State Court Claims.**

Even setting aside the *Quality Associates* bar entirely, Defendants' motion fails for an independent reason: Lee's FLSA and Ohio wage claims are not compulsory counterclaims under Ohio Civ. R. 13(A) because they do not arise from the "transaction or occurrence" at issue in the state court action.

Ohio's compulsory counterclaim rule applies when a claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Ohio Civ. R. 13(A). Courts apply the "logical relation" test, which asks whether "separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Rettig Enters., Inc. v. Koehler*, 68 Ohio St.3d 274, 278 (1994).

Here, the state court action centers on Eastern Village's allegations that Lee misappropriated trade secrets and breached contractual obligations upon leaving his employment. The evidence relevant to those claims concerns: the content of Eastern Village's alleged trade secrets, Lee's post-employment competitive conduct, and the terms of any confidentiality or non-compete obligations.

Lee's FLSA and wage claims, by contrast, concern an entirely different subject matter: Eastern Village's failure to pay overtime compensation for hours Lee worked as a cook and

laborer, including construction and renovation labor at the Huber Heights location. The evidence necessary to litigate these claims—hours worked, compensation structures, whether Lee's actual duties placed him within FLSA coverage, and whether the $49,000 payment constituted an illegal kickback of wages under 29 C.F.R. § 531.35—bears no meaningful overlap with the trade secret and breach of contract evidence at issue in the state court action.

The state court itself recognized this separation. In staying only the Third-Party Complaint (not the main case), the Montgomery County court found that Eastern Village's claims against Lee for trade secret misappropriation and breach of contract are "entirely unrelated" to the ZhaoGe investment dispute. (Defs.' Mot., Ex. 5). By the same logic, Lee's wage claims—which arise from his status as an hourly employee of Eastern Village—are not "logically related" to a trade secret case between an employer and a former employee such that separate trials would involve substantial duplication of effort.

**E.      McConnell v. Applied Performance Technologies Is Distinguishable Because the State Court Litigation There Had Concluded With a Final Judgment Before the Federal Suit Was Filed.**

Defendants rely heavily on *McConnell v. Applied Performance Techs., Inc.*, 2002 U.S. Dist. LEXIS 27599 (S.D. Ohio Dec. 11, 2002), as support for their compulsory counterclaim argument. *McConnell* is distinguishable from *Quality Associates* by a critical fact: the state court litigation in *McConnell* had concluded with a settlement and a dismissal with prejudice—a final judgment—before the plaintiff filed his federal overtime claims.

In *McConnell*, the employer APT sued a former employee in state court. The parties settled the case, and the state court dismissed the action with prejudice. *McConnell*, 2002 U.S. Dist. LEXIS 27599, at *4–6. Approximately six months later, the former employee filed a new federal

lawsuit asserting FLSA overtime claims. *Id.* at *6. The court held that because the state court action had concluded by dismissal with prejudice—which under Ohio law operates as an adjudication on the merits triggering res judicata—the failure to assert overtime claims as compulsory counterclaims barred them. *Id.* at *9.

The critical distinction is that in *McConnell*, there was a prior final judgment. Here, the Montgomery County litigation is ongoing. No settlement, no dismissal, no final judgment of any kind has been entered. *Quality Associates* expressly held that preclusion—the only mechanism through which a state compulsory counterclaim rule can bar a federal claim—"comes into play only when a state court has entered a final judgment." 949 F.3d at 289. *McConnell* involved a final judgment; this case does not. *McConnell* therefore provides no support for dismissal here.

## F.     Espinoza and Sheng Jian Lin Are Inapposite and Do Not Support Dismissal.

Defendants also cite *Espinoza v. Mex-Am Café, LLC*, 2015 U.S. Dist. LEXIS 122597 (M.D.N.C. Sept. 15, 2015), and *Sheng Jian Lin v. Kobe Grill*, 2016 U.S. Dist. LEXIS 108816 (D. Conn. Aug. 17, 2016). Neither case supports Defendants' motion.

In *Espinoza*, the court addressed whether an employer's counterclaims in the *same federal FLSA action* were compulsory or permissive—in other words, whether the federal court had supplemental jurisdiction over those counterclaims. 2015 U.S. Dist. LEXIS 122597, at *4–6. The court was not asked to dismiss the plaintiff's FLSA claims based on a state compulsory counterclaim rule. Similarly, in *Sheng Jian Lin*, the court addressed a motion to dismiss counterclaims asserted by the defendant in the same federal FLSA action for lack of subject matter jurisdiction. 2016 U.S. Dist. LEXIS 108816, at *2–3. Neither case has any bearing on whether a federal plaintiff's FLSA claims may be dismissed on grounds that they were compulsory counterclaims in a parallel state action that has not concluded.

9

**G.** **Dismissal Without Prejudice Is Unwarranted; Lee Is Entitled to Pursue His FLSA Claims in Federal Court.**

Defendants alternatively request that this Court dismiss this case without prejudice so Lee can refile in Montgomery County Common Pleas Court. This alternative request should also be denied.

Lee has a statutory right to bring his FLSA claims in federal court. Congress expressly provided that FLSA actions "may be maintained … in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Lee exercised his right to choose a federal forum for his federal statutory claims. That choice is entitled to deference. "[T]he pendency of an action in [a] state court" is "no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817. This Court's exercise of jurisdiction is not merely permissible—it is obligatory. *Quality Assocs.*, 949 F.3d at 288.

Colorado River abstention—the only recognized doctrine that might justify deferring to a parallel state proceeding—requires "exceptional circumstances" that are not present here. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). Defendants do not invoke *Colorado River*, and properly so. There is no basis to deprive Lee of his chosen federal forum.

**H.** **This Court Should Not Stay This Case Pending Arbitration Because Lee's FLSA Claims Do Not Arise Under the Shareholders' Agreement, Eastern Village Is Not a Party to That Agreement, and the State Court Has Already Ruled the Agreement Has No Bearing on the Main Case.**

Defendants' alternative request for a stay pending arbitration also fails, for three independent reasons.

10

**1.    The State Court Has Already Ruled That the Shareholders' Agreement and Its Arbitration Clause Do Not Reach Eastern Village's Claims Against Lee.**

The dispositive answer to Defendants' arbitration argument comes from the Montgomery County court itself. In granting the motion to stay Lee's Third-Party Complaint pending arbitration, the state court expressly held:

> "The claims alleged in the Third-Party Complaint are separate and distinct from the claims alleged in the Verified Complaint, including different parties. The Verified Complaint does not involve the Third-Party Defendant ZhaoGe, Inc., does not include Third-Party Defendant Wang, and has nothing to do with the Shareholder Agreement or the business venture at issue in the third-party claims." (Defs.' Mot., Ex. 5 at 5 (emphasis added)).

In other words, the court that has the Shareholders' Agreement before it has already ruled that the Agreement has no bearing on the main case between Eastern Village and Lee. If the Shareholders' Agreement does not govern Eastern Village's trade secret claims against Lee, it assuredly does not govern Lee's FLSA wage claims against Eastern Village. Defendants cannot credibly invoke a ruling about the Agreement's scope while simultaneously urging this Court to ignore what that ruling said.

**2.    Lee's FLSA Claims Do Not Arise Under the Shareholders' Agreement.**

The Shareholders' Agreement's arbitration clause covers "[a]ny disputes arising under this Agreement." (Defs.' Mot., Ex. 2, Shareholders' Agreement § 7.2). Lee's FLSA and O.R.C. § 4111.03 claims do not arise under the Shareholders' Agreement. They arise under federal and Ohio wage-and-hour statutes and are grounded in Eastern Village's failure to pay overtime wages during

11

Lee's employment. When assessing whether a dispute falls within an arbitration provision, a court asks whether "an action could be maintained without reference to the contract or relationship at issue." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). Lee's overtime claims can be—and are—fully maintained without any reference to the Shareholders' Agreement. His entitlement to overtime pay under the FLSA flows from his status as an hourly employee of Eastern Village, not from any provision of that Agreement.

Defendants contend that because Lee's Amended Complaint references the $49,000 payment made pursuant to the Shareholders' Agreement, his FLSA claims thereby "arise under" that Agreement. This argument proves too much. Lee references the $49,000 payment because he alleges it constituted an illegal kickback of wages under 29 C.F.R. § 531.35—a theory that arises entirely under federal wage law and requires no interpretation of the Agreement's terms. The factual mention of a payment in a complaint does not transform an FLSA claim into a contract dispute "arising under" the agreement through which the payment was made.

**3.      Eastern Village Is Not a Party to the Shareholders' Agreement and Lacks Standing to Invoke Its Arbitration Clause.**

Even if Lee's FLSA claims somehow "arose under" the Shareholders' Agreement—which they do not—Eastern Village could not invoke the arbitration clause. Eastern Village is not a signatory to the Shareholders' Agreement. Defendants themselves acknowledge this: their motion concedes in footnote 5 that "[n]either Eastern Village nor Tiger Wang have any ownership in ZhaoGe Inc." (Defs.' Mot. at 15 n.5). The Shareholders' Agreement is between Lee, ZhaoGe Inc. (dba China Cottage), and ZhaoGe's other shareholders—not Eastern Village. (Defs.' Mot., Ex. 2).

A non-signatory to an arbitration agreement generally cannot invoke it to compel arbitration. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("it goes without saying that

12

a contract cannot bind a nonparty"). Defendants cite the "intertwining" or equitable estoppel doctrine, under which a signatory may be estopped from avoiding arbitration where the nonsignatory's claims are "intertwined" with the agreement. But that doctrine runs *against* the signatory in favor of the nonsignatory—not the other way around. *Ohio Valley Elec. Corp. v. First Energy Corp.*, 2025-Ohio-938, ¶ 21 (4th Dist.) (nonsignatory may compel signatory to arbitrate; not the reverse). Here, Eastern Village (a nonsignatory) seeks to use the arbitration clause to avoid litigating Lee's (the signatory's) federal claims. That inverts the doctrine and has no support in law. The law does not allow a non-signer to hide behind arbitration to escape a signer's lawsuit.

**4.      FLSA Rights Are Non-Waivable as a Matter of Federal Public Policy.**

Finally, FLSA rights are non-waivable as a matter of federal public policy. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (FLSA rights "cannot be abridged by contract or otherwise waived"). "[P]rivate agreements to submit to arbitration are part of a broader policy favoring arbitration, but that policy does not extend to allowing parties to prospectively waive FLSA rights through private agreement." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Compelling arbitration of Lee's FLSA claims under an agreement to which Eastern Village is not even a party would be an unprecedented and impermissible result.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff You Cheng Lee respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety. The Sixth Circuit's binding decision in *Quality Associates, Inc. v. P&G Distributing LLC*, 949 F.3d 283 (6th Cir. 2020), directly forecloses dismissal based on Ohio's compulsory counterclaim rule while the state litigation remains pending. Lee's FLSA and Ohio wage claims are moreover not compulsory counterclaims because they do

not arise from the same transaction or occurrence as Eastern Village's trade secret claims. Defendants' alternative requests for dismissal without prejudice and a stay pending arbitration likewise lack any legal support—particularly given the state court's own ruling that the Shareholders' Agreement has "nothing to do" with Eastern Village's claims against Lee—and should be denied.

Respectfully submitted,

s/ Lei Jiang
Lei Jiang (Ohio Bar No. 0084847)
LEI JIANG LLC
30285 Bruce Industrial Pkwy, Unit C
Solon, OH 44139
Tel: (440) 835-2271
Fax: (440) 835-2817
Email: ljiang@leijianglaw.com
Attorney for Plaintiff You Cheng Lee

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th  day of March, 2026, a copy of the foregoing Memorandum in Opposition was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.


<u>s/ Lei Jiang</u>
Lei Jiang

15